REDMANN, Judge
(dissenting).
On the face of the transfer from the corporation to the Louisiana partnership, it is subject to an action for lesion beyond moiety, LSA-C.C. arts. 1861, 2589.
This right belongs to the corporation. But the settlor may have the right to require the return to the trust of all the stock of the corporation from the Texas partnership, and the subsequent demand by the trust-owned corporation against the Louisiana partnership for lesion.
Because of the trust’s prohibition against alienation of the beneficiaries’ interests, I believe the settlor has the right to avoid the trustee’s transfer of trust assets defeating that purpose of the trust. I believe plaintiff here has a right of action to recall the corporate stock into the trust and require the Louisiana partnership either to return the immovable property or pay to the corporation the difference between the actual consideration ($10 plus) and the market value of the property.
Plaintiff’s rights and action may be as complicated as the transactions she seeks to remedy; but I believe she has the right. I would declare the stock transfer null and remand for determination of full value of the property and judgment against the Louisiana partnership affording it time to pay the full price or, in default of payment, rescinding the sale, C.C. art. 1877.
Rehearing denied.
Redmann, J., is of the opinion the rehearing should be granted.